JONATHAN ANDREWS *et al. vs.* ARTHUR ABBOTT.

MAY 31, 1928.

PRESENT: Sweetland, C. J., Stearns, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of debt against the surety on a bond given to dissolve an attachment. After trial in the Superior Court the trial justice directed the jury to return a verdict for the plaintiff. The action is before this court on defendant's exception to this ruling and to the denial of his motion for a directed verdict.

The facts are undisputed. December 30, 1926, the Atlantic Refining Company commenced an action of the case in assumpsit against David Abbott. The writ was served by attaching some personal property of the defendant. To dissolve the attachment the bond in suit was given. Arthur Abbott signed the bond as surety. The bond was conditioned to be void if the final judgment against David Abbott should be forthwith paid and satisfied. The writ and declaration were duly entered in court. The action was not answered and June 6, 1927, a *nil dicit* judgment was duly entered against said David Abbott for $270.43. Execution was issued and returned wholly unsatisfied. This action of debt was then commenced against said Arthur Abbott as surety on the bond.

It appears in the record that two weeks after said bond was given plaintiff attached other property of said defendant David Abbott by writ of mesne process; that said defendant immediately paid plaintiff's attorney $200 on account of plaintiff's claim, and agreed to pay the balance due; and that plaintiff's attorney released said attached property and

quashed said writ of mesne process. March 15, David Abbott paid $100. on account and refused to make any more payments. In June, after notice to David Abbott, plaintiff had judgment entered against him for the balance due. Arthur Abbott had no notice of the attachment of David Abbott's property by the writ of mesne process nor of his agreement to pay plaintiff in order to secure the release of the property so attached. He claims that he was discharged from his obligation on the bond by this subsequent agreement between plaintiff's attorney and David Abbott. The claim is of no avail for the defendant.

The bond given by the defendant Arthur Abbott was a statutory bond to pay any final judgment that might be rendered against David Abbott. Final judgment was duly entered against David Abbott by a court of competent jurisdiction and it cannot be attacked collaterally in this action. *Smith* v. *Borden*, 17 R. I. 220; *Tucker* v. *Carr*, 20 R. I. 477; *Gilbert* v. *Hayward*, 37 R. I. 303; 34 C. J. 511, 516, 522; 1 Freeman on Judgments, Sec. 314. The agreement relied upon as a defense was made before the judgment was entered. The acceptance by a judgment creditor of a dividend from the assignee or the trustee of a judgment debtor will not bar an action by the judgment creditor against the surety on a bond given to dissolve an attachment conditioned to pay the judgment. *Easton Jun.* v. *Ormsby et als.*, 18 R. I. 309; *Cullen* v. *Marzano et al.*, 49 R. I. 186.

As the evidence proves that the final judgment against David Abbott was not paid and that the judgment creditor did nothing to waive his right of action against the surety on the bond, the trial justice did not err in directing a verdict for the plaintiff.

Defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Arthur L. Conaty*, for plaintiffs.

*Peter W. McKiernan, John H. Di Stefano, John C. Going,* for defendant.